EXHIBIT  2

## CIVIL CASE INFORMATION STATEMENT
## CIVIL CASES

In the Circuit Court, Mason County, West Virginia

---

I.  CASE STYLE:

Plaintiff(s)

NINA J. BOWLES, MICHAEL B. BROWN
GARY L. COTTON, CHARLES M. HEIB, JR.,
MARY PAMELA HEIB, JAMES P. YOUNG,
RITA PULLEN, EXECUTRIX OF THE ESTATE
OF STEPHEN R. PULLEN, DECEASED, and
TORRES W. WILLIAMSON, AND OTHER PLAINTIFFS
IDENTIFIED IN EXHIBIT "A" ATTACHED HERETO
AND INCORPORATED FULLY HEREIN,

vs.

Defendant(s)

Case #03-C-_100_ Thru 03-C-1990

Judge _DAVID W. Nibert_

WESTERN SOUTHERN LIFE
INSURANCE COMPANY

| | Days to Answer | Type of Service |
|---|---|---|
| 400 Broadway | | |
| Street | _30_ | Secretary of State |
| Cincinnati, OH  45202 | | |
| City, State, Zip | | |

JOHN THABET

| | | |
|---|---|---|
| Street | _30_ | Personal |
| Point Pleasant, WV  25550 | | |
| City, State, Zip | | |

GEORGE CRUMP

| | | |
|---|---|---|
| Street | _30_ | Personal |
| City, State, Zip | | |

A TRUE COPY TESTE _Bill Withers/dm_
MASON COUNTY CIRCUIT CLERK

ROGER SHINN

_____

     Street                         30            Personal

     City, State, Zip


TERRY SHIRLEY

_____

     Street                         30            Personal
Point Pleasant, WV  25550
     City, State, Zip


HOWARD PARKER

_____

     Street                         30            Personal
 Cottageville, WV
     City, State, Zip


JAMES ELIAS

_____

     Street                         30            Personal
New Haven, WV  25265
     City, State, Zip


THOMAS S. RUSSELL

_____

     Street                         30            Personal

     City, State, Zip

OTHER DEFENDANT AGENTS A-Z

_____

     Street

     City, State, Zip


A TRUE COPY TESTE _Bill Withington_
MASON COUNTY CIRCUIT CLERK

FICTITIOUS DEFENDANTS AA-ZZ

_____

    Street             _____       _____

_____

    City, State, Zip

Original and  ten  (10) copy of complaint furnished herewith.

| PLAINTIFF(S) NINA J. BOWLES, MICHAEL B. BROWN, ET AL DEFENDANT(S): WESTERN SOUTHERN LIFE INS. CO. ET AL | CASE NUMBER: 03-C- 100 Thru 03-C-1990 |
|---|---|

## II.  TYPE OF CASE:

| | |
|---|---|
| ___ General Civil | ___ Adoption |
| _x_ Mass Litigation (As defined in T.C.R. Rule XIX (c)) | ___ Administrative Agency Appeal |
| | ___ Civil Appeal from Magistrate Court |
| ___ Asbestos | |
| ___ Carpal Tunnel Syndrome | ___ Miscellaneous  Civil Petition |
| ___ Diet Drugs | |
| ___ Environmental | ___ Mental Hygiene |
| ___ Industrial Hearing Loss | |
| ___ Silicone Implants | ___ Guardianship |
| ___ Other: _____ | |
| | ___ Medical Malpractice |
| ___ Habeas Corpus/Other Extraordinary Writ | |
| ___ Other: _____ | |

III.    JURY DEMAND:   _X_  Yes    ___  No
CASE WILL BE READY FOR TRIAL BY (*MONTH/YEAR*):  _____ /

IV.    DO YOU OR ANY OF YOUR CLIENTS OR WITNESSES IN THIS CASE REQUIRE SPECIAL
ACCOMMODATIONS DUE TO A DISABILITY OR AGE:   YES ____    NO ____
IF YES, PLEASE SPECIFY:
___  Wheelchair accessible hearing room and other facilities
___  Interpreter or other auxiliary aid for the hearing impaired
___  Reader or other auxiliary aid for the visually impaired
___  Spokesperson or other auxiliary aid for the speech impaired
___  Other:

*Attorney Name:* _____
*Firm:*  Kayser Layne & Clark, PLLC
*Address:*  701 Viand Street, P. O. Box 210
Point Pleasant, WV  25550

*Representing:*
_X_  Plaintiff ___  Defendant
___  Cross-Complainant
___  Cross-Defendant

*Telephone:*  (304) 675-5440

*Dated:*  6/3/03
*Signature* _____

___  Pro Se

IN THE CIRCUIT COURT OF MASON COUNTY, WEST VIRGINIA

NINA J. BOWLES, MICHAEL B. BROWN,
GARY L. COTTON, CHARLES M. HEIB, JR.,
MARY PAMELA HEIB, JAMES P. YOUNG,
RITA PULLEN, EXECUTRIX OF THE ESTATE
OF STEPHEN R. PULLEN, DECEASED, and
TORRES W. WILLIAMSON, AND OTHER
PLAINTIFFS IDENTIFIED IN EXHIBIT "A"
ATTACHED HERETO AND INCORPORATED
FULLY HEREIN,

      PLAINTIFFS,

Vs.                 Civil Action No. 03-C-100 Thru 03-C-1990
                            Judge: DAvid W. Nibert

WESTERN SOUTHERN LIFE INSURANCE COMPANY,
JOHN THABET, GEORGE CRUMP, ROGER SHINN,
TERRY SHIRLEY, HOWARD PARKER,
JAMES ELIAS AND THOMAS S. RUSSELL,
OTHER DEFENDANT AGENTS A-Z; and
FICTITIOUS DEFENDANTS AA-ZZ,

      DEFENDANTS.

## COMPLAINT

COME NOW THE PLAINTIFFS, Nina J. Bowles, Policy No. 0000177976, Michael B. Brown, Policy Nos. 0071798691 and 0000616590, Gary L. Cotton, Policy Nos. 10642814, 0044483172 and 0044896270, Charles M. Heib, Jr., Policy No. 112958, Mary Pamela Heib, Policy No. 31452770, James P. Young, Policy Nos. 0000493782 and 0000080279, Rita Pullen, Executrix of the Estate of Stephen R. Pullen, deceased, Policy Nos. 0000152492, 0000152491, and Torres Williamson, Policy No. 0000020414, and all other Plaintiffs identified in Exhibit "A" attached hereto and incorporated herein, by and through their attorneys, and bring this Civil Complaint against DEFENDANTS, Western Southern Life Insurance Company (hereinafter

Kayser Layne
& Clark, PLLC
Attorneys at Law
P.O. Box 210
701 Viand Street
Point Pleasant, WV 25550
———
(304) 675-5440

Western Southern"); John Thabet, George Crump, Roger Shinn, Terry Shirley, Howard Parker, James Elias and Thomas S. Russell (hereinafter "Thabet, Crump, Shinn, Shirley, Parker, Elias and Russell"); and in support of their cause of action, show the following:

## JURISDICTION AND VENUE

This Complaint is based on claims by Plaintiffs for fraudulent misrepresentation, fraudulent concealment and fraudulent inducement, as well as other wrongful acts committed by DEFENDANTS in the sale to Plaintiffs of certain "vanishing premium", universal life and other life insurance policies. The policies in question were "premium offset", "limited payment", and "single pay" by WESTERN SOUTHERN, and said policyholders are identified on Exhibit "A". Some of the actions which form the basis of this Complaint were committed in whole or in part against residents of Mason County in the State of West Virginia where some of such policies were sold and delivered.

This case seeks compensatory and punitive damages, as well as injunctive and other equitable relief on behalf of Plaintiffs. This Court has subject matter jurisdiction as to all claims in this case because the amount in controversy exceeds the sum of $5,000.00. Venue is proper under W.Va. Code δ50-2-1(d) because this action involves policies of life insurance, and some of the beneficiaries of some of the subject policies reside in Mason County, West Virginia, and, personal jurisdiction over these matters is pursuant to W.Va. Code δ56-3-3. Furthermore, venue properly lies in the Circuit Court of Mason County, West Virginia, pursuant to W.Va. Code δ56-1-1, because this action involves a claim for damages brought against WESTERN SOUTHERN, which is

a foreign insurance company, and some of the insureds resided in Mason County at the time the policies were sold and delivered.

## PARTIES

2.

At least some of the Plaintiffs, set forth in Exhibit "A" attached hereto and incorporated fully herein, reside in Mason County, West Virginia. Defendant, WESTERN SOUTHERN, is a non-resident company with its home office at 400 Broadway, Cincinnati, Ohio 45202.

Defendants, John Thabet, George Crump, Roger Shinn, Terry Shirley, Steven Martin, Howard Parker and Thomas S. Russell are residents of the State of West Virginia, doing business in Mason County, West Virginia.

Other DEFENDANT AGENTS include, DEFENDANTS A-Z, who are agents of some of the Plaintiffs but whose identities are currently unknown but who committed a tort and whose conduct, actions, and/or omissions caused or contributed to the damages of Plaintiffs set forth herein. Plaintiffs will amend their Complaint to represent the true identity of DEFENDANTS A-Z at such time as their true identity is discovered and/or made known to the Plaintiffs.

## FACTS

3.

At various times prior to the purchase of the insurance policies in question, Plaintiffs were approached by DEFENDANTS who offered to provide Plaintiffs with life insurance issued by Defendant WESTERN SOUTHERN which contained vanishing premiums, guaranteed premium rates, and other benefits. The term vanishing premium is also referred to on occasion as premium offset.

4.

In order to induce Plaintiffs to purchase the WESTERN SOUTHERN life insurance policies, DEFENDANTS often prepared computer generated policy illustrations through the use of computer software and programs that had been designed, implemented or approved by WESTERN SOUTHERN.    However, DEFENDANTS controlled and specified the individualized information that was used to prepare the illustrations for Plaintiffs.   These illustrations often showed that the annual premiums due on the policies vanished after a limited number of years and that the cash premium payment due on the policies vanished after a limited number of years. Moreover, some sales presentations concerning the vanishing premium concept occurred even when more formal illustrations were not provided to the Plaintiffs.  The DEFENDANTS often induced Plaintiffs to replace existing policies in favor of interest sensitive Western Southern policies.

5.

Plaintiffs relied on DEFENDANTS' representations in deciding to purchase the policies at issue.  DEFENDANTS failed to procure the insurance coverage requested by Plaintiffs on the terms and conditions that DEFENDANTS represented to them, and they fraudulently induced these sales through various misrepresentations and failures to disclose material information about these policies or their likely performance.

6.

Nothing in the sales presentations by DEFENDANTS or the sales illustrations they prepared for Plaintiffs disclosed that the premiums for these policies would not vanish as projected or disclosed to Plaintiffs the factors, variables and actuarial assumptions upon which these illustrations were based, or which could affect the

premiums required to sustain these policies, or how the policies would otherwise perform. The sales illustrations were often purportedly based on WESTERN SOUTHERN'S current dividend rate, or how it was calculated, or how it could be changed by the company. Plaintiffs purchased the policies in question in reliance on the representations made by DEFENDANTS that the premiums would vanish after a limited number of payments. Plaintiffs were not advised that additional premium payments could be required for these policies under any circumstances.

7.

THABET, CRUMP, SHINN, SHIRLEY, PARKER, ELIAS AND RUSSELL at all material times hereto were agents of WESTERN SOUTHERN. Plaintiffs allege that the acts of fraudulent misrepresentation, concealment and inducement committed by THABET, CRUMP, SHINN, SHIRLEY, PARKER, ELIAS AND RUSSELL in the sale of these vanishing premium policies were outside the course and scope of their authority as agents licensed under West Virginia Law. THABET, CRUMP, SHINN, SHIRLEY, PARKER, ELIAS AND RUSSELL are individually liable to Plaintiffs as these Defendants "Misrepresented the benefits, advantages, conditions and terms of the insurance policy" under W.Va. Code δ33-11-4(1)(a); "Misrepresented the dividends or share of the surplus to be received on any insurance policy" under W.Va. Code δ33-11-4(1)(b); "Made false or misleading statements as to the dividends or share of surplus previously paid on any insurance policy" under W.Va. Code δ33-11-4(1)(c); "Made misrepresentations as to the financial condition of any person, or as to the legal reserve system upon which any life insurer operates" under W.Va. Code δ33-11-4(1)(d); "Used names or titles of any insurance policy or class of insurance policies

misrepresenting the true nature thereof" under W.Va. Code δ33-11-4(1)(e); "Made misrepresentations for the purpose of inducing or tending to induce the lapse, forfeiture, exchange, conversion or surrender of any insurance policy" under W.Va. Code δ33-11-4(1)(f).

8.

DEFENDANTS failed to disclose the truth about the interest sensitive or dividend volatility nature of the vanishing premium payment plan, and how it could affect performance of the policies (including the growth in cash value), and how the computer-generated sales illustrations were prepared and the fact that the premiums required to sustain these policies could change.  The actions of DEFENDANTS were designed to and did, in fact, conceal from Plaintiffs the deceptive acts and actuarial practices upon which the sales to Plaintiffs had been made.  Plaintiffs did not discover, and could not through the exercise of reasonable diligence have discovered, that they had been misled by DEFENDANTS' deceptive sales tactics which were based on undisclosed facts and an intricate scheme of fraud and concealment.

9.

DEFENDANTS fraudulently induced Plaintiffs to purchase the subject policies by concealing material information about the cost of the policies and misrepresenting the terms, conditions, performance, and structure of the policies.  DEFENDANTS committed acts of fraudulent misrepresentation by intentionally or negligently concealing and failing to disclose all relevant information about these policies, and fraudulently inducing Plaintiffs to purchase the policies.

10.

DEFENDANTS negligently or intentionally misrepresented the cost of coverage to be provided and/or failed to inform Plaintiffs that WESTERN SOUTHERN had the present undisclosed intention to not honor the illustrations in question, and they negligently or intentionally misrepresented material facts which Plaintiffs justifiably relied to their detriment in purchasing the subject insurance.  As a result of the actions of DEFENDANTS, Plaintiffs suffered damages, in an amount to be determined at trial.

11.

The actions of DEFENDANTS constitute fraud, fraudulent misrepresentation, fraudulent inducement, fraudulent concealment, and conspiracy to commit fraud, thereby rendering DEFENDANTS liable to Plaintiffs not only for actual damages, but also for punitive damages.  The misrepresentations, omissions, and concealment of material facts were intentional and deliberate, or were committed with reckless disregard for the rights of Plaintiffs, and were part of a willful scheme, venture, and course of conduct through which DEFENDANTS sought to and did induce Plaintiffs to purchase the policies in questions on the basis of and in reliance upon fraudulent misrepresentations and omissions.    DEFENDANTS negligently or intentionally misrepresented material facts upon which Plaintiffs justifiably relied to their detriment, and they failed to disclose material information about the volatility of the WESTERN SOUTHERN policy illustrations.  DEFENDANTS' actions were taken with such gross negligence and/or willful disregard for the rights of Plaintiffs as to justify the imposition of punitive damages.

12.

WESTERN SOUTHERN, and its agents engaged in a fraudulent scheme and course of conduct which was designed to, and did in fact, induce the sale of participating and interest sensitive life insurance policies under the vanishing premium plan. WESTERN SOUTHERN fraudulently misrepresented the performance of its policies under existing market conditions, and engaged in false and misleading sales presentations often employing computer-generated sales illustrations which showed limited premiums due for such policies. WESTERN SOUTHERN also adopted, encouraged and/or approved false, fraudulent and misleading representations about the benefits to be gained for the policyholders through the purchase of such policies.

13.

WESTERN SOUTHERN fraudulently concealed from Plaintiffs fundamental facts and information concerning the vanishing premium plan and the policy illustrations and presentations through which the sales to Plaintiffs were induced. WESTERN SOUTHERN and its agents THABET, CRUMP, SHINN, SHIRLEY, PARKER, ELIAS AND RUSSELL, fraudulently concealed from Plaintiffs material information concerning the extreme volatility of the illustrations, and the lack of a reasonable basis for the factors and assumptions upon which the illustrations were based. The dividend formula employed by WESTERN SOUTHERN in such illustrations was made up of several variables, with the primary factor being the dividend interest rate. WESTERN SOUTHERN knew at the time the Plaintiffs' policies were sold that the illustrations were based on highly volatile factors and assumptions that had no reasonable basis in fact and could not reasonably be maintained. In addition, WESTERN SOUTHERN knew at the time the Plaintiffs' illustrations were produced that the dividend interest

rate upon which the illustrations depended for their performance was not supported by the company's current earnings, and was, in fact, in excess of the rate of return being currently earned by the company. DEFENDANTS concealed from Plaintiffs the fact that the illustrations were prepared using an interest rate factor not supported by current earnings for competitive reasons, i.e., to prevent the loss of business to higher-illustrating competitors, which would have resulted had the DEFENDANTS advised prospective purchasers or policyholders such as Plaintiffs that its illustrations could not be supported based on the company's current rates of return on investments. The purchase and retention of the policies at issue were fraudulently induced by the DEFENDANTS' misrepresentations and concealment of material facts regarding the insurance products and illustrations. DEFENDANTS fraudulently concealed and have continued to conceal from the Plaintiffs the actuarial facts and assumptions upon which their illustrations were based. It has been difficult if not impossible for Plaintiffs to discover all the facts concerning the deceptive nature of the Defendant's vanishing premium sales illustrations because this information is under the exclusive possession and control of DEFENDANTS. Plaintiffs could not reasonably have discovered the fraudulent conduct on the part of DEFENDANTS until well within the applicable statute of limitations.

14.

DEFENDANTS fraudulently concealed from Plaintiffs, both at the time of the sale, and in their dealings with the Plaintiffs until the present, material information regarding the WESTERN SOUTHERN participating and interest sensitive products illustrated and sold through the WESTERN SOUTHERN vanishing premium and limited payment concept. The DEFENDANTS knowingly misled the Plaintiffs and sold

the participating policies of insurance through the use of sales illustrations and techniques which fraudulently misrepresented the performance of the policies, and fraudulently induced the Plaintiffs to purchase the WESTERN SOUTHERN products, to the detriment of the Plaintiffs.  Plaintiffs were fraudulently induced and deceived into purchasing policies from the DEFENDANTS through false and misleading sales presentations, policy illustrations, marketing materials and other information and materials approved by, prepared by, and disseminated by the DEFENDANTS.

15.

After inducing Plaintiffs to purchase and retain the insurance policies in question, DEFENDANTS actively engaged in a deliberate course of conduct which fraudulently concealed from Plaintiffs the true facts concerning these policies and the nature and extent of the deceptive sales tactics used to sell the WESTERN SOUTHERN products. The actions of DEFENDANTS were designed to, and did in fact, fraudulently conceal from Plaintiffs the deceptive misrepresentations and fraudulent concealment upon which the sales had been made.  Plaintiffs did not discover, and could not through the exercise of reasonable diligence have discovered, that they had been misled by the deceptive sales tactics and intricate scheme of fraud and concealment employed by DEFENDANTS to fraudulently induce these sales, and to fraudulently induce Plaintiffs to retain the subject policies.  In addition to any claims for relief based on such fraudulent activities, these actions by DEFENDANTS tolled any applicable statute of limitations because of DEFENDANTS' affirmative acts of fraudulent concealment after the sales.  Plaintiffs could not have learned and did not learn that they had been misled by DEFENDANTS, and that they had been fraudulently induced to purchase and retain the subject policies until some time well

within the applicable statute of limitations. In addition to tolling of the applicable limitations period because of this fraudulent concealment, DEFENDANTS should be equitably estopped from asserting any limitations defense in this case.

The allegations of the preceding paragraphs of this complaint are hereby repeated, re-alleged, and incorporated by reference in each of the following sections:

## FRAUD

### 16.

The purchases of the WESTERN SOUTHERN insurance policies by Plaintiffs were fraudulently induced by the so-called vanishing premium, interest sensitive, and replacement or churning sales schemes employed by DEFENDANTS to sell these policies of insurance. The sales illustrations and presentations misrepresented and concealed material facts concerning the products as illustrated and sold, all as set forth above. Said concealment was intentional for the purpose of making WESTERN SOUTHERN products appear competitive in order to induce the purchase by Plaintiffs. The statements in the illustrations and sales presentations used to induce the sales to Plaintiffs omitted material facts, were highly misleading, and wrongfully induced Plaintiffs to believe that the dividends and interest rates used to compute the sales illustrations were conservative and based on the Defendant's actual current investment experience. In addition, Plaintiffs were led to believe that the illustrations were calculated and based on realistic projections of how the policies would perform to sustain the face amount of the coverages through limited premium payments. The Plaintiffs were never told that if dividend rates fell, the illustrations would not work as representing in regard to vanishing the out-of-pocket premiums required or the other performance attributes of these policies. Plaintiffs were never advised that the total

amount of their paid-up insurance could be less than the face value of the policies even if they made the premium payments shown in the illustrations, or that their policies could lapse for nonpayment of premiums that were not illustrated. DEFENDANTS concealed the fact that the payment of additional premiums would be required not only if dividends fell even slightly, but also if the investment performance of WESTERN SOUTHERN did not improve substantially.

17.

DEFENDANTS fraudulently concealed from Plaintiffs fundamental facts and information concerning the vanishing premium illustrations by which the sales to Plaintiffs were induced, and DEFENDANTS also fraudulently misrepresented the performance of the vanishing premium and interest sensitive policies under existing market conditions. DEFENDANTS fraudulently concealed from Plaintiffs the following material facts:

(a)    That the performance of the vanishing premium concept as illustrated and represented depended upon dividends which were illustrated at abnormally high rates, so that even incremental reductions in the dividend rates would require Plaintiffs to continue paying premiums for many years beyond the schedules represented and depicted in the policy illustrations.

(b)    That the interest rate factor in the WESTERN SOUTHERN dividend scale, upon which the Plaintiffs' products depended for their performance, was not supported by current earnings, and that the company had "inflated" its dividends in order to continue to illustrate at extraordinarily high rates.

(c)     That out-of-pocket premium payments on the vanishing premium life insurance policy would not vanish or be offset, but would continue to be required for many years beyond the original vanish date.

(d)     That the vanishing premium policies of insurance would not, in fact, pay for themselves as represented and illustrated if the current dividends payable on the policies declined, or other undisclosed factors and variables used to prepare the illustration changed, or if the investment performance of WESTERN SOUTHERN did not improve substantially.

(e)     That the sales illustrations employed to present the vanishing premium concept employed intricate actuarial operations and devices such as paid-up additions, surrender of accumulated dividends, payments from policy values, and other actuarial assumptions that were not supported by the company's current experience, and which made the illustrations highly volatile and sensitive to even slight reductions in dividend interest rates.

(f)     That the sales illustrations and the viability of the vanishing premium concept was premised on intricate actuarial devices and multiple undisclosed assumptions lacking any reasonable basis in fact.

(g)     That the illustrated dividends were based on extraordinary and non-recurring capital gains harvested for the express purpose of making its product more competitive.   That the interest sensitive policies did not have guaranteed level premiums sufficient to sustain the policies' face value and they were being under funded.

(h)     That the illustrations were based on a new money or invested earnings approach to dividends rather than the traditional portfolio approach which DEFENDANTS knew could not be supported in the future.

(i)     That some of the Plaintiffs in this case were churned and/or rolled over through the use of WESTERN SOUTHERN's schemes orchestrated for this purpose and were not informed of the substantial performance risks or substantial commissions or other charges to be paid, thereby reducing the value of replaced or replacement policies.

(j)     That interest rates would not always be adjusted to the advantage of the policyholder.

(k)     That paying all required premiums through the vanish date would not put the policyholder in the position of being able to cease paying cash-out-of-pocket policy premiums while still enjoying increasing cash values and stable death benefits.

Without disclosure of the foregoing material facts and information, the sales presentations and illustrations approved and disseminated by DEFENDANTS were inherently false, misleading and deceptive.

18.

The DEFENDANTS committed material misrepresentations with the design to deceive the Plaintiffs to obtain an unjust advantage and/or to cause Plaintiffs' loss and/or inconvenience.  The fraudulent acts of the DEFENDANTS intended to defraud Plaintiffs or gain an unfair advantage over Plaintiffs thereby resulting in loss and damage to Plaintiffs.

## FRAUDULENT ILLUSTRATION RATES

### 19.

In the illustrations DEFENDANTS prepared for vanishing premium policies, the factors used to calculate the out-of-pocket premiums included the assumption that the dividend interest rate would not remain the same as the current rate, but would actually increase in the future. Thus, in order to perform as illustrated, the dividends on Plaintiffs' policies did not have to remain the same as the current dividend, but the dividend rates had to actually increase in future years. These facts were not disclosed to Plaintiffs. This information was known exclusively to DEFENDANTS at the time the illustrations were prepared. In addition, after it was known to DEFENDANTS that the premiums on Plaintiffs' policies would not vanish as illustrated, each of the DEFENDANTS failed to notify Plaintiffs of these facts, in order to fraudulently induce Plaintiffs to retain their policies.

### 20.

Plaintiffs' claims are not predicated on the per se breach of any contract or promise with regard to future dividends. Plaintiffs' claims are based on the fraudulent concealment and affirmative misrepresentation by the DEFENDANTS of current, existing material facts at the time of the sale of subject policies, and the continued and repeated acts by which DEFENDANTS concealed their fraud from the Plaintiffs.

## NEGLIGENT AND WANTON TRAINING AND SUPERVISION

### 21.

Defendant WESTERN SOUTHERN was responsible for educating, training and supervising sales agents, and they wantonly and/or negligently failed to properly train and adequately supervise or control said agents, including THABET, CRUMP, SHINN,

SHIRLEY, PARKER, ELIAS AND RUSSELL, in the sale of life insurance policies employing the vanishing premium concept. DEFENDANTS encouraged the agents such as THABET, CRUMP, SHINN, SHIRLEY, PARKER, ELIAS AND RUSSELL, to represent the company as conservative in its approach to dividend projections, and to use as a sales tool the company's history of meeting dividend projections. DEFENDANTS failed to properly train and educate sales representatives such as THABET, CRUMP, SHINN, SHIRLEY, PARKER, ELIAS AND RUSSELL concerning the preparation and use of computer-generated vanishing premium and other sales illustration. DEFENDANTS failed to maintain proper control over the illustrations, representations, and sales tactics employed by its agents to WESTERN SOUTHERN's limited payment and interest sensitive products, and DEFENDANTS knew and in the exercise of reasonable care should have known of the marketing abuses and deceptive sales tactics being employed by its agents in the sale of such policies.

### POST-SALE FRAUDULENT CONCEALMENT

22.

After inducing Plaintiffs to purchase the policies in question through the vanishing premium or limited payment program, each of the DEFENDANTS participated and engaged in a deliberate course of individual and corporate conduct which concealed from Plaintiffs the nature and extent of the deceptive sales tactics used to sell the policies. The concerted actions of DEFENDANTS were designed to and did, in fact, conceal from Plaintiffs the deceptive acts and actuarial practices upon which the sales to Plaintiffs had been made. Plaintiffs did not discover, and could not through the exercise of reasonable diligence have discovered, that they had been

misled by DEFENDANTS' deceptive sales tactics and intricate scheme of fraud and concealment.

### CLAIMS AGAINST ALL DEFENDANTS

23.

Claims based on fraudulent misrepresentations and omissions are stated herein against each of the DEFENDANTS individually and jointly on behalf of Plaintiffs for actual and punitive damages for intentional misrepresentation, fraudulent inducement, fraudulent concealment, fraud and deceptive sales practices, breach of fiduciary or quasi-fiduciary duties, breach of the requirement to deal with Plaintiffs honestly, fairly and in good faith, negligence, and negligent misrepresentation. Plaintiffs assert that the following wrongful acts are attributable to each of the DEFENDANTS in this case.

(a)    Each of the DEFENDANTS engaged in a deliberate course of fraudulent and deceptive conduct to induce the sale of the subject life insurance policies through the use of computer-generated vanishing premium sales illustrations and/or other sales techniques.

(b)    Each of the DEFENDANTS intentionally concealed from Plaintiffs material facts regarding the actuarial factors and assumptions upon which the vanishing premium sales illustrations or presentations were based.

(c)    Each of the DEFENDANTS fraudulently induced the sale and/or retention of these policies by illustrating the performance of WESTERN SOUTHERN products at interest rates they knew to be unsupported by WESTERN SOUTHERN's current earnings and lacking any reasonable basis in fact.

(d)    Each of the DEFENDANTS engaged in a practice of consummating sales through the employment of computer-generated vanishing premium illustrations or other practices which misrepresented to prospective purchasers the premiums that would be required and the current and expected performance of the WESTERN SOUTHERN products based on the vanishing premium concept and sales technique.

(e)    Each of the DEFENDANTS engaged in a common course of deceptive sales practices and conduct in the sale of the vanishing premium products, through false sales presentations and/or policy illustrations which represented that payment of premiums for a limited number of years, would be sufficient to carry the cost of the policies for the lives of the insureds without additional payments.

(f)    Each of the DEFENDANTS intentionally concealed and/or omitted from the illustrations, sales materials and information disclosed to Plaintiffs material facts regarding WESTERN SOUTHERN illustrations and the performance of the vanishing premium products, including such facts as the extreme volatility of the products as illustrated, the highly interest-sensitive nature of the illustrations used to induce sales of such products, and the substantial impact of even minor variations in interest rates on the performance illustrated.

(g)    Defendant WESTERN SOUTHERN failed to adequately train and supervise its agents in regard to the vanishing premium products, dividends, sales presentations and illustrations of the vanishing premium, limited payment, and performance related concepts.

(h)    DEFENDANTS engaged in a common course of individual and corporate conduct which was designed to and did conceal from Plaintiffs the nature and effect of

the fraudulent and deceptive practices by which Plaintiffs had been induced to purchase and retain the subject policies.

(i)     The individual actions of each of the DEFENDANTS with regard to the sales of the subject policies, and their subsequent course of concerted conduct with regard to the maintenance of the subject policies, constitutes actionable misconduct giving rise to an action for damages for intentional misrepresentation, fraudulent inducement, fraudulent concealment, intentional interference with contract rights, negligence and fraudulent and deceptive sales practices, and said actions were of such a nature as to render each of the DEFENDANTS liable for actual and punitive damages in an amount sufficient to punish the wrongdoer, to deter like conduct by the DEFENDANTS in the future, and to serve as an example to deter similar conduct by others.

(j)     Each of the DEFENDANTS violated the applicable law, statutes and regulations governing the sale of life insurance policies in this state, which prohibit misrepresenting the cost or terms of the coverage, and which require disclosure to the policyholders of the material facts and information concerning the cost of the coverage and the structure of the policies.

## DAMAGES

24.

As a result of the intentional, deliberate, and wrongful actions of the DEFENDANTS, as aforesaid, Plaintiffs were caused to suffer damages, including loss of the benefit of the coverage bargained for, and the payment of premiums for policies that have not or will not perform as represented. Plaintiffs have suffered damages in the amount of the difference between the value of the product as represented by the

DEFENDANTS' misrepresentation, and the substantially lower valued product as actually delivered.   DEFENDANTS are liable to the Plaintiffs for all of said actual damages, as well as all attorney fees, expenses and cost herein incurred.

25.

As a further proximate result of the aforementioned fraudulent and wrongful conduct of DEFENDANTS which was outrageous and in reckless disregard for Plaintiffs' rights, Plaintiffs have suffered anxiety, worry, mental and emotional distress, and other incidental damage, all to their general damage, for which Plaintiffs are entitled to recover substantial compensatory damages.   In addition, the actions of the DEFENDANTS as aforesaid, constitute fraud, fraudulent misrepresentation, fraudulent inducement, and fraudulent concealment rendering the DEFENDANTS liable to the Plaintiffs for both actual and punitive damages.   The misrepresentations, omissions and concealment of material facts by the DEFENDANTS were intentional and deliberate acts, and were part of a willful scheme or course of conduct whereby the DEFENDANTS sought to and did induce Plaintiffs to purchase and retain the WESTERN SOUTHERN participating policies on the basis of and in reliance upon fraudulent misrepresentations and omissions.   Said acts on the part of the DEFENDANTS constitute intentional, willful and fraudulent conduct thus rendering DEFENDANTS liable for punitive damages as well as for attorneys fees and other expenses incurred in pursuing this litigation.   DEFENDANTS should be assessed with punitive damages in an amount sufficient to deter like conduct in the future, and to serve as an example and deter others from engaging in similar fraudulent conduct with regard to the sale of insurance products.   In addition, Plaintiffs respectfully request that this Court grant such additional relief as the Court deems just and

proper, including such extraordinary equitable and/or injunctive relief as permitted by law, equity or statutory provides as the Court deems proper, to prevent unjust enrichment of the DEFENDANTS, to ensure that DEFENDANTS do not profit from their own wrongdoing, and to ensure that Plaintiffs have an effective remedy for the damages caused and injuries sustained as a result of the DEFENDANTS' wrongful and fraudulent misrepresentations and concealment.

WHEREFORE, Plaintiffs demand judgment against the DEFENDANTS, individually and jointly, for compensatory damages in such amounts as are sufficient to compensate them for the monetary, pecuniary, emotional and other economic and non-economic losses and damages, attorneys fees, and expenses incurred as a result of the DEFENDANTS' wrongdoing, and for punitive damages in such an amount as to punish the DEFENDANTS, and serve as an example to deter others from engaging in similar fraudulent conduct in the future with regard to the sales of insurance products.

PLAINTIFFS HEREBY DEMAND A TRIAL BY JURY.

For referenced Plaintiffs

BRADLEY H. LAYNE (WV ID 5766)
KAYSER LAYNE & CLARK, PLLC
701 Viand Street, P. O. Box 210
Point Pleasant, WV 25550
(304) 675-5440 (304) 675-5455 facsimile
bradlayne@charternet.net

MATTHEW L. CLARK (WV ID 7144)
KAYSER LAYNE & CLARK, PLLC

C. DALLAS KAYSER (WV ID 1974)
KAYSER LAYNE & CLARK, PLLC


JAY AUGHTMAN
BEASLEY, ALLEN, CROW, METHVIN,
    PORTIS & MILES, P.C.
218 Commerce Street
P. O. Box 4160
Montgomery, AL  26103-4160